United States District Court
for the District of New Hampshire

| | |
|---|---|
| Dynamic Network Services, Inc., <br><br> Plaintiff <br><br> vs. <br><br> Timothy J. Wilde, <br><br> Defendant | No. 06-cv-37-JM |

## Discovery Plan
### [Fed. R. Civ. P. Rule 26(f) and LR 26.1]

**DATE/PLACE OF MEETING:** On May 2, 2006, counsel for the Plaintiff and the Defendant conducted a planning meeting pursuant to Fed. R. Civ. P., Rule 26(f) and Local Rule 26.1, by e-mail and telephone.

**COUNSEL PRESENT/REPRESENTING:**

      For the Plaintiff:    Christopher Cole, Esquire

      For the Defendant:  Lawrence M. Edelman, Esquire

## CASE SUMMARY

**THEORY OF LIABILITY:** The Plaintiff alleges that the Defendant and the Plaintiff reached an agreement under which the Defendant agreed to sell his shares in the Company to the Company for significant consideration; that the Defendant thereafter materially breached this agreement by refusing to consummate the deal reached between the Plaintiff and the Defendant. In the alternative, the Plaintiff and the Defendant reached an agreement under which the Defendant at least had to negotiate in good faith toward an agreement that included the terms and conditions negotiated, agreed upon and expressly contemplated by the parties in their negotiations in December 2005 and

January 2006.  The Defendant similarly breached that obligation by refusing to either carry out the terms of the repurchase agreement or by refusing to continue to negotiate a more formal agreement in good faith.

**THEORY OF DEFENSE:**   The Defendant states that no contract, whether express or implied in fact or law, to redeem the Defendant's shares of Dynamic Network Services, Inc. stock was ever formed.  Further, no "agreement to agree" would be supported by the facts of this case or, for that matter, recognized under New Hampshire law.  The Plaintiff's contract claim also fails because, under Delaware law, the redemption of the Defendant's shares, or a contract to so redeem, was subject to certain specified conditions precedent, none of which took place or was satisfied.  Finally, the Plaintiff's claim is barred, as it is wrongfully instigated by minority shareholders who are wasting corporate assets and are intent on advancing their own interests, not those of the corporation.

**DAMAGES:**   The Plaintiff seeks specific performance of the Agreement it states was reached by the parties, and, in the alternative, seeks all compensatory damages relating to the Defendant's breach, as alleged.

**DEMAND:**  N/A; the Plaintiff seeks performance of the agreement it states was reached by the parties.

**OFFER:**  August 1, 2006

**JURISDICTIONAL QUESTIONS:**  None.

**QUESTIONS OF LAW:**  The parties do not anticipate any particular questions of law, but reserve the right to raise such issues that may arise and to submit appropriate pleadings and supporting memoranda of law thereon.

**TYPE OF TRIAL:**  Bench trial.

<u>**DISCOVERY**</u>

**TRACK ASSIGNMENT:**  The parties agree that this is a hybrid standard/expedited track case, with trial to be scheduled about nine (9) months from the May 23, 2006 Preliminary Pretrial Conference.

**DISCOVERY NEEDED:**  Discovery will be needed on issues of liability, equitable relief and damages.

**MANDATORY DISCLOSURES [Fed. R. Civ. P. 26(a)(1)]:**  The parties have agreed not to require Rule 26(a)(1) disclosures.

**COMPLETION OF DISCOVERY:**

    (1)    Date All Discovery Complete:    <u>January 1, 2007</u>

    (2)    Issues for Early Discovery:    None

**INTERROGATORIES:**

    The maximum number of interrogatories by each party to the other shall be fifty (50). Responses shall be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**

    The maximum number of requests for admission by each party to the other shall be fifty (50). Responses shall be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**

    A maximum of eight (8) depositions by Plaintiff and eight (8) depositions by Defendant unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.  Each deposition, except for those of the present shareholders of Dynamic Network Services, Inc., shall be limited to a maximum of eight (8) hours unless extended by agreement of the parties.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

The parties agree to the same form of expert report as is specified in Fed. R. Civ. P., Rule 26(a)(2):

**Plaintiff:** July 15, 2006    **Defendant:** September 1, 2006
(Supplementation: October 1, 2006)  (Supplementation: November 1, 2006)

**CHALLENGES TO EXPERT TESTIMONY:**

**Plaintiff:** December 1, 2006  **Defendant:** December 1, 2006

**OTHER ITEMS**

**JOINDER OF ADDITIONAL PARTIES:**

**Plaintiff:** June 1, 2006  **Defendant:** August 1, 2006

**THIRD PARTY ACTIONS:** August 1, 2006

**AMENDMENT OF PLEADINGS:**

**Plaintiff:** June 15, 2006  **Defendant:** August 15, 2006

**DISPOSITIVE MOTIONS:**

**To Dismiss:** July 15, 2006

**For Summary Judgment:** October 15, 2007

**SETTLEMENT POSSIBILITIES:** Settlement possibilities cannot be evaluated prior to October 1, 2006.

**JOINT STATEMENT RE MEDIATION:** Mediation shall occur not later than December 15, 2006.

**WITNESSES AND EXHIBITS:**

4

Ten (10) days before final pretrial conference but not less than 30 days before trial for lists (included in final pretrial statements) and 14 days after filing of final pretrial statement for objections – set by Clerk's Notice of Trial Assignment.

**TRIAL ESTIMATE:**  3-4 days.

**TRIAL DATE:**  Two-week trial period beginning February 21, 2007.

**PRELIMINARY PRETRIAL CONFERENCE:**  The parties do not request a preliminary pretrial conference with the Court before entry of the scheduling order.

## OTHER MATTERS

None.

Respectfully submitted,

**Dynamic Network Services, Inc.**

By its attorneys,

Sheehan Phinney Bass + Green PA

Date:  May 3, 2006                By:  /s/ Christopher Cole_____
                                  Christopher Cole
                                  N.H. Bar No. 8725
                                  1000 Elm Street
                                  P.O. Box 3701
                                  Manchester, NH 03105
                                  (603) 668-0300
                                  e-mail: ccole@sheehan.com

**Timothy J. Wilde**

By his attorneys,

Pierce Atwood LLP

Date:   May 3, 2006                    By:  /s/ Lawrence M. Edelman
                                           Lawrence M. Edelman
                                           N.H. Bar No. 738
                                           Pease International Tradeport
                                           One New Hampshire Avenue
                                           Suite 350
                                           Portsmouth, NH 03801
                                           (603) 433-6300
                                           e-mail: ledelman@pierceatwood.com